COURT OF APPEALS
DECISION
DATED AND FILED

October 18, 2022

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP909**

Cir. Ct. No. **2015GN448**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

---

IN THE MATTER OF THE GUARDIANSHIP OF L.H.:

L.H. AND CORD WILLIAMS KLEIN, PERSONAL REPRESENTATIVE OF THE ESTATE OF L.H.,

PETITIONERS-APPELLANTS,

V.

EASTER SEALS,

RESPONDENT.

---

APPEAL from orders of the circuit court for Milwaukee County: HANNAH C. DUGAN, Judge. *Reversed and cause remanded with directions.*

Before Brash, C.J., Donald, P.J., and White, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM.  L.H. and Cord Williams Klein, as the personal representative for the Estate of L.H. (collectively, "the Estate"), appeal an order of the trial court terminating the guardianship of L.H. by Easter Seals upon L.H.'s death.  The Estate also appeals an order denying substitution of Klein as the personal representative for the Estate in the guardianship matter, in order to pursue causes of action against Easter Seals regarding its conduct as L.H.'s guardian.

¶2     Upon review, we reverse those orders and remand this matter to the trial court with instructions to allow for the substitution of Klein as the personal representative for the Estate, and to continue proceedings for the review of Easter Seals' conduct in its capacity as L.H.'s guardian, consistent with this opinion.

## BACKGROUND

¶3     L.H. was a veteran who was diagnosed with numerous disabilities, including a degenerative brain disorder, which rendered him unable to make informed decisions relating to his health or finances.  L.H. was determined to be incompetent, and Easter Seals was appointed his guardian in October 2015.

¶4     Easter Seals was granted guardianship of the person of L.H., which provided it with the authority to make all medical decisions and exercise other personal rights on behalf of L.H.  No guardian of the estate was appointed; instead, because L.H. had a "small estate" of $10,000 or less, his assets were transferred to Easter Seals pursuant to WIS. STAT. § 54.12(1) (2015-16)[1] to be used for his care.  Additionally, L.H. received monthly income from his social security and veterans' benefits, from which Easter Seals' guardianship fees were to be paid.  The monthly

---

[1] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

guardianship fee was dependent on the amount of services provided to L.H. by Easter Seals, up to a maximum amount of $300/month; any amount over that was subject to approval by the trial court.

¶5    In November 2016, L.H. received veteran-related disability backpay in a lump sum amount of approximately $45,000.  Klein, who at the time was acting as appointed adversary counsel for L.H., filed a petition in November 2017 for Easter Seals to be granted a temporary guardianship of the estate for the purpose of establishing and funding a WisPACT Trust, pursuant to WIS. STAT. § 54.20(2)(c) (2017-18).  A WisPACT Trust is a special needs trust for disabled individuals, where the funds in the trust are not counted as available assets for purposes of determining eligibility for Medicaid.  The petition was granted.

¶6    In April 2018, Easter Seals filed a petition with the trial court requesting an allowance for an overage of L.H.'s maximum guardianship fees for 2017 in the amount of $5,280.  Furthermore, Easter Seals requested that this overage be paid from L.H.'s WisPACT Trust, as opposed to from his monthly income.  The court commissioner found that the overage request was "just and reasonable," and allowed it to be paid from the WisPACT Trust.

¶7    In May 2019, Klein—still acting as adversary counsel for L.H.—filed a motion to vacate that order.  Klein asserted that the $5,280 overage included the preapproved monthly guardianship fees, which totaled $3,525 for 2017.  Thus, Klein argued that the overage due to Easter Seals was only $1,755.  Additionally, in a motion filed in June 2019, Klein also challenged the overage amounts Easter Seals claimed for 2016—$4,020 and $1,095—arguing that Easter Seals had not provided the amount of preapproved guardianship fees it had already collected for L.H. in its overage fee request.

¶8      After several adjournments, the trial court in September 2020 approved Klein's continued representation of L.H. as adversary counsel for purposes of reviewing the conduct of Easter Seals in its capacity of guardian of L.H. After a pretrial conference held in November 2020, the trial court issued an order directing the parties to complete negotiations by January 31, 2021, and if a resolution was not reached, "any amended motions and petition for review of the conduct of the guardian" were to be filed by February 8, 2021.

¶9      L.H. passed away on January 4, 2021. Easter Seals filed a petition for termination of the guardianship on January 26, 2021, due to L.H.'s death. Klein immediately filed an objection on January 28, 2021. He informed the trial court that L.H. had three adult children, which he asserted meant that L.H.'s causes of action regarding Easter Seals' conduct as L.H.'s guardian survived. However, as Klein explained, in order for those claims to remain viable the guardianship matter could not be terminated, otherwise the court would not retain its jurisdiction. Klein thus requested a stay in the matter until a personal representative for L.H.'s estate could be appointed, under the assumption that the personal representative would then file a motion for the substitution of L.H.'s heirs as parties.

¶10      At a hearing on February 15, 2021 regarding the petition for termination, the trial court asked about the deadline for filing a petition for review of the guardian's conduct. Klein explained that he was unable to proceed as adversary counsel after L.H.'s death, because any filings made after his death would be "annulled." However, Klein stated that L.H.'s heirs wished to pursue causes of action against Easter Seals with regard to its conduct as guardian, and wanted Klein appointed as the personal representative of the Estate. Klein further stated that the "customary" manner for proceeding under these circumstances would be for a stay to be granted in the guardianship matter, such that a probate action could be opened

to create the estate and appoint a personal representative. Once that was accomplished, a substitution of parties could then be filed for Klein as the personal representative for the Estate, and the causes of action against Easter Seals could be pursued.

¶11 However, the trial court granted Easter Seals' petition to terminate the guardianship. The court found that regardless of the circumstances surrounding the case—including the court's knowledge that negotiations had been ongoing between the parties relating to the issue of Easter Seals' conduct as guardian, as raised by Klein in September 2020—there had been no "actual" petition filed seeking review of Easter Seals' conduct as guardian, and thus there was no claim. The court therefore rejected Klein's objection and issued an order terminating the guardianship.

¶12 Klein nevertheless filed a motion in April 2021 for a substitution of party in his capacity as personal representative for L.H.'s estate. However, the trial court declined the motion, stating that the matter was "closed." This appeal follows.

## DISCUSSION

¶13 On appeal, the Estate argues that the guardianship of L.H. was improperly terminated while there were pending causes of action against Easter Seals regarding its conduct as L.H.'s guardian, since those claims could survive through L.H.'s heirs. We review the trial court's decisions regarding guardianship and protective placement using a mixed standard of review. We will not overturn the trial court's factual findings unless they are clearly erroneous. *Coston v. Joseph P.*, 222 Wis. 2d 1, 22, 586 N.W.2d 52 (Ct. App. 1998); *see also* WIS. STAT. § 805.17(2). However, whether the evidence satisfies the legal standards set forth

in the relevant statutes is a question of law, which we review *de novo*. *See Coston*, 222 Wis. 2d at 23.

¶14 For that review of the relevant statutes at issue here, we engage the legal tenets of statutory interpretation. "[T]he purpose of statutory interpretation is to determine what the statute means so that it may be given its full, proper, and intended effect." *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶44, 271 Wis. 2d 633, 681 N.W.2d 110. "Statutory interpretation and applying a statute to a set of facts are both questions of law which this court reviews *de novo*." *State v. Bodoh*, 226 Wis. 2d 718, 724, 595 N.W.2d 330 (1999).

¶15 "A statute's purpose or scope may be readily apparent from its plain language or its relationship to surrounding or closely-related statutes—that is, from its context or the structure of the statute as a coherent whole." *Kalal*, 271 Wis. 2d 633, ¶49. We start with WIS. STAT. § 54.68(2), which permits causes of action against a guardian for various reasons, including "[c]ommitting fraud, waste, or mismanagement"; "[e]ngaging in self-dealing"; and "[f]ailing to act in the best interests of the ward." Sec. 54.68(2)(b),(d), and (g). The filing of a petition for the review of the conduct of the guardian triggers a deadline for a hearing before the trial court. Sec. 54.68(3). Additionally, a ward filing a petition for such an action "may retain legal counsel, the selection of whom is subject to court approval[.]" Sec. 54.68(6)(b). The remedies available in such an action include issuing an order for the guardian to file an inventory or other report or accounting; imposing a forfeiture on the guardian or denying the guardian compensation; or requiring the guardian to "reimburse the ward or, if deceased, the ward's estate for losses incurred as the result of the guardian's breach of a duty to the ward." Sec. 54.68(4).

¶16     Here, the step of retaining counsel was completed: L.H. filed a request to retain Klein to "negotiate, prepare, file, and litigate on [L.H.]'s behalf a petition for review of the conduct of his corporate guardian, [Easter Seals], pursuant to [WIS. STAT. §] 54.68(2)(b), (d), and (g) … and to petition the [c]ourt for any and all of the remedies of the [c]ourt that are set forth in § 54.68(4)[.]" Furthermore, as explained in an affidavit accompanying his motion, this request was based on the earlier motions Klein had filed to vacate the orders approving the guardian fees for 2016 and 2017; hearings on those motions had been adjourned several times, primarily to continue with discovery, and there is no indication in the record that they were ever litigated and decided. The record does indicate, however, that there was regular correspondence by Klein to the court regarding the ongoing discovery discussions between the parties relating to the issues he raised in those motions.

¶17     As explained above, the request for Klein to be retained as L.H.'s adversary counsel was for the explicit purpose of pursuing claims regarding Easter Seals' conduct as guardian, and this request was approved by the trial court on September 2, 2020. Furthermore, at a pretrial conference held on November 23, 2020, the trial court ordered that negotiations between the parties were to be completed by January 31, 2021; if there was no resolution, then "any amended motions and petition for review of the conduct of the guardian" were to be filed by February 8, 2021.

¶18     After Easter Seals filed its petition to terminate the guardianship on January 26, 2021, Klein immediately filed an objection on January 28, 2021. He explained that the claims against Easter Seals survived pursuant to WIS. STAT. § 895.01(1)(am), which enumerates the types of action that survive the death of a claimant. Specifically, Klein asserted that § 895.01(1)(am)2. and § 895.01(1)(am)8., which allow causes of action for conversion and damages to

property rights or interests to survive, are applicable here, and therefore the substitution of a proper party upon the death of the claimant is permitted under WIS. STAT. § 803.10(1)(a).

¶19    Yet, the trial court granted Easter Seals' petition for termination of guardianship on February 18, 2021, and considered the matter closed. The court based its reasoning on the fact that an "actual" petition for review regarding Easter Seals' conduct as guardian had not yet been filed, as set forth in WIS. STAT. § 54.68(3). However, according to the language of that statute, the filing of the petition is to trigger a deadline for a hearing. *See id.* Klein indicated to the court that he had not yet filed a petition because the discovery process with Easter Seals was still ongoing at the time that L.H. passed away. In fact, the order of the trial court issued after the November 2020 pretrial conference anticipated that a petition would only be filed if, upon completion of the discovery process, negotiations between the parties were unsuccessful.

¶20    Furthermore, the statutory remedies available upon a finding of improper conduct by a guardian include reimbursing the ward "or, if deceased, the ward's estate" for any losses that were incurred as a result of a breach by the guardian. *See* WIS. STAT. § 54.68(4)(b). This plain language of that statute clearly indicates that such causes of action can survive even if a ward dies while they are pending. *See Kalal*, 271 Wis. 2d 633, ¶49.

¶21    However, in order to proceed with the review of a guardian conduct claim, the guardianship must remain open such that the trial court retains its jurisdiction over the guardian. *See* WIS. STAT. § 54.68(1). Klein therefore sought a stay of this matter until a personal representative could be appointed and substituted for L.H. to continue the claims on behalf of the Estate. We conclude

that, pursuant to the relevant statutes as discussed above, this is the proper procedure.

¶22    Easter Seals argues that the Estate's claims are moot because as a small estate, there is no requirement for a final accounting from the guardian at the death of a ward, pursuant to WIS. STAT. § 54.66(2).  However, the Estate's claims relate to the conduct of the guardian, which may be reviewed pursuant to WIS. STAT. § 54.68(2), as discussed above.  These provisions for reviewing guardian conduct, and the remedies available at § 54.68(4) which could potentially include an accounting, are separate and distinct from the statutory requirements regarding final accountings contemplated in § 54.66.  We therefore reject this argument.

¶23    Easter Seals further argues that L.H.'s heirs have no interest in his Estate because, due to L.H.'s assets being placed in a WisPACT trust, the State of Wisconsin has estate recovery rights pursuant to WIS. STAT. § 49.849(2).  However, nothing in that provision prohibits the personal representative of a decedent's estate from pursuing claims on behalf of the decedent.  In fact, such an interpretation would lead to the absurd result of disallowing the review of guardian conduct permitted under WIS. STAT. § 54.68(2), which in turn would allow such improper conduct to go unchecked.  *See **Kalal***, 271 Wis. 2d 633, ¶46 (statutes should be interpreted to "avoid absurd or unreasonable results").

¶24    Accordingly, we reverse the trial court's orders terminating the guardianship of L.H. and denying the motion for substitution of party, and remand this matter with instructions to substitute Klein, in his capacity as personal representative for the Estate, as the party pursuing these claims, and to continue proceedings to resolve this matter, consistent with this opinion.

*By the Court.*—Orders reversed and cause remanded with directions.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.